810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank HAWKS, Plaintiff-Appellant,
v.
R.E. BELL, et al., Defendants-Appellees.
 No. 86-5048.
 United States Court of Appeals, Sixth Circuit.
 Nov. 11, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff Frank Hawks (the plaintiff or Hawks), a Kentucky state prisoner, appealed the district court's grant of summary judgment for defendants, various Kentucky corrections officials, in this civil rights suit filed pursuant to 42 U.S.C. § 1983 alleging a due process violation arising out of a prison disciplinary proceeding. The gravamen of the plaintiff's complaint was that the written notice provided to him by the prison Adjustment Committee (the Committee), explaining its findings and disciplinary action with respect to two rules infractions allegedly committed by him, was inadequate under the standards set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
 
 
 2
 The record of the prison disciplinary proceedings consisted of two incident reports each incorporated into preprinted forms. In the first report, the correctional officer outlined his observation of the first incident, describing plaintiff's actions of packaging marijuana into twelve envelopes on a specified date and time. He identified the disciplinary violation as possession of dangerous contraband (Category 6, Offense 4). The statement also included plaintiff's denial of the infraction, together with the findings of fact and disposition of the Committee imposing 180 days good time loss, 90 days disciplinary segregation, and a recommendation of transfer to a more secure institution. The report outlined the reasons for the Committee's findings and punishment as being supported by the written report, the physical evidence confiscated at the time of the occurrence, and the testimony of all witnesses. It also included the Superintendent's concurrence in the Committee's decision. The second incident report described the reporting officer's observation that on a particular date Hawks underwent a drug test, the laboratory result which disclosed marijuana use, the identification of the violation as being under the influence of drugs (Category 4, Offense 2), plaintiff's declaration that he was not guilty of the charge, together with the findings of fact and final disposition of the Committee imposing 60 days good time loss, 30 days disciplinary segregation, and a recommendation to transfer Hawks to a more secure institution. The report also articulated the reasons for the Committee's finding of guilt and punishment as being predicated upon the positive results of the laboratory report. The Superintendent again concurred in the Committee's result on appeal.
 
 
 3
 Hawks subsequently filed suit pursuant to § 1983 alleging that the inadequacy of the written statements violated procedural due process. On cross-motions for summary judgment, the district court granted summary judgment to defendants, concluding that the written incident reports relating to each charge satisfied the criteria of Wolff v. McDonnell and that sufficient evidence supported the disciplinary actions as required by Superintendent v. Hill, 105 S.Ct. 2768 (1985).
 
 
 4
 On appeal to this court, the plaintiff charged that the two reports were not sufficiently specific with regard to the evidence relied upon by the Committee, the reasons for its findings of guilt, and its imposition of punishment to satisfy due process considerations. Having examined the challenged reports, this court is of the opinion that, under the circumstances taken in their totality, the written statements were sufficiently clear to satisfy constitutional mandates in referencing the evidence considered by the Committee in each of the two cases so as to permit a review of the Committee's conclusions. Accordingly, having considered the record on appeal and the briefs of the parties and for the reasons expressed in the opinion of the district court, the judgment is AFFIRMED.